# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2019

Lyle W. Cayce
Clerk

No. 18-60837
Summary Calendar

SENAIDA LOZANO CABRERA; JOSE IGNACIO ARANA LOZANO,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 593 880
BIA No. A208 593 881

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Senaida Lozano Cabrera and her son, Jose Ignacio Arana Lozano, petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing the appeals from the Immigration Judge's (IJ) denials of their applications for withholding of removal. Lozano Cabrera first argues that the BIA and the IJ erred in finding that she was incredible, challenging the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusion that her testimony conflicted with her previously made sworn statement.

We review for substantial evidence the determination that Lozano Cabrera was not credible, and we may not reverse unless the record evidence compels us to do so. *See Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009). The BIA and the IJ "may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an . . . applicant is not credible." *Id.* at 538-39 (internal quotation marks and citation omitted).

Lozano Cabrera's arguments challenging the inconsistencies cited by the BIA and the IJ are without merit. She fails to show that the adverse credibility finding is unsupported by substantial evidence. *See id.* at 536-37.

She also contends that she established a well-founded fear of future persecution if returned to Mexico based on her membership in the particular social group of Mexican women who are parties to divorce proceedings in Mexico and are threatened that children would be taken by force by abusive husbands. The BIA refused to consider this argument, stating that Lozano Cabrera failed to articulate membership in this particular social group before the IJ. Because this particular social group identified for the first time before the BIA, the claim was unexhausted, and this court lacks jurisdiction to review the issue. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009); *Eduard v. Ashcroft*, 379 F.3d 182, 195 n.14 (5th Cir. 2004).

The petition for review is DISMISSED in part and DENIED in part.